UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*<br><br>v.<br><br>ANNA DAWSON,<br>*Defendant* | CIVIL ACTION NO. 17-00066 |

## MEMORANDUM OF LAW IN SUPPORT OF THE
## UNITED STATES' MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

The United States of America on behalf of its agency, United States Department of Agriculture, Rural Housing Service, hereinafter "Plaintiff," submits this memorandum of law in support of its motion for summary judgment. This Court has jurisdiction under 28 U.S.C. § 1345. As shown below, there are no material issues of fact in dispute and Plaintiff is entitled to judgment as a matter of law.

### PROCEDURAL HISTORY

This is an action to foreclose a certain real property mortgage dated and acknowledged June 25, 2010 by Defendant, Anna Dawson. The mortgage was given to secure a promissory note signed by the Defendant in the original principal amount of $190,650.00. Plaintiff filed its Complaint on January 6, 2017. Defendant filed an Answer to the Complaint on March 6, 2017. Subsequent to the initiation of this action, on March 8, 2017, Defendant filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of Pennsylvania, at No. 17-11639-jkf. On April 26, 2017, the Bankruptcy Court granted Plaintiff's Motion for Relief from the Automatic Stay.

## STATEMENT OF FACTS

On June 25, 2010, Defendant, Anna Dawson, obtained a loan from Plaintiff pursuant to Title V of the Housing Act of 1949, as amended, 42 U.S.C. § 1471 *et seq.*, in the original principal amount of $190,650.00, and executed a Promissory Note. As security for this loan, Defendant executed and delivered a Mortgage covering the real property at issue, 82 Hannah Court, Royersford, Montgomery County, Pennsylvania 19468. The loan was to be repaid with interest at specified rates over a specified number of years and is evidenced by the Promissory Note executed and delivered to Plaintiff by Defendant. The Mortgage was duly recorded in the Montgomery County Office of the Recorder of Deeds. In addition to the Mortgage and Note, on June 25, 2010, Defendant also executed a Subsidy Repayment Agreement.

Because of various defaults in payments, including the failure to pay installments of principal and interest when due beginning December 25, 2013, the account was accelerated on January 20, 2015, and Plaintiff sent Defendant a "NOTICE OF ACCELERATION OF YOUR MORTGAGE LOAN(S); DEMAND FOR PAYMENT OF THAT DEBT; NOTICE OF RIGHT TO CURE YOUR DELINQUENCY; NOTICE OF INTENT TO FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING THIS ACTION." Plaintiff thereafter initiated the instant foreclosure action on January 6, 2017 by filing a Complaint. On March 6, 2017, Defendant filed an Answer consisting almost exclusively of admissions and general denials, and containing no factual allegations regarding the default in payments and/or the amounts due and owing on account. The default on this loan is fully documented and essentially undisputed. Plaintiff therefore respectfully suggests it is entitled to summary judgment as a matter of law.

## ISSUES

Is the United States of America entitled to judgment as a matter of law in this matter where the undisputed material facts reveal that the Defendants defaulted on repayment of a promissory note secured by a mortgage pursuant to the provisions of Title V of the Housing Act of 1949, as amended, 42 U.S.C § 1471, *et seq.*?

## ARGUMENT

The United States Department of Agriculture, Rural Housing Service made a loan to Defendant in December 1993 pursuant to Title V of the Housing Act of 1949, as amended, 42 U.S.C. § 1471, *et seq.* This loan was secured by the mortgage which is the subject of this action.

**A. Standard of Review**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52. In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." *A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006); *accord Celotex Corporation v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted. *Celotex Corporation v. Celotex,* 477 U.S. at 322. With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment where the non-movant's evidence is merely colorable, conclusory, or speculative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts. Id. 1t 252; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Further, a party may not defeat a motion for summary judgment with evidence that would not be admissible at trial. *Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 (3d Cir. 1999).

In the instant matter, Plaintiff respectfully suggests there is no genuine issue as to any material fact. An issue of material fact is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. A fact is "material" if proof of its existence of nonexistence would affect the outcome of the lawsuit under the applicable law to the case. *Ibid.*

"In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation." *Chemical Bank v. Dippolito*, 897 F.Supp. 221, 224 (E.D.Pa. 1995) (granting plaintiff's motion for summary judgment in a mortgage foreclosure action). Conversely, to defeat Plaintiff's motion for summary judgment, Defendant must raise a disputed issue of material fact regarding his defense. *Id. See also United States v. Tarbert*, 3:14-cv-2156, 2016 WL 297705 (M.D.Pa. 2016) (granting plaintiff's motion for summary judgment in a mortgage foreclosure action following default on mortgage loan granted pursuant to Title V of the Housing Act of 1949 where defendant failed to submit any evidence that would create a genuine issue of material fact regarding the default on her obligation); *United States v. Zera*, No. 13-cv-5264, 2014 WL 1632139 (E.D.Pa. 2014) (granting plaintiff's motion for summary judgment in a mortgage foreclosure action following default on mortgage loan granted pursuant to Title V of the Housing Act of 1949); *United States v. Harding*, No. 3:13-cv-564, 2013 WL 3989155 (M.D.Pa. 2013) (granting plaintiff's motion for summary judgment in a mortgage foreclosure action following default on mortgage loan granted pursuant to Title V of the Housing Act of 1949); *United States v. Abell*, No. 1:09-cv-715, 2012 WL 37627 (M.D.Pa. 2012) (same); *HSBC Bank USA, N.A. v. Keenhold*, No. 4:08-cv-1024, 20090 4:08–cv–1024, 2009 U.S. Dist. LEXIS 16081, 2009 WL 523092 (M.D.Pa. Mar. 2, 2009) (quoting *Chemical Bank*); *United States v. Asken*, No. 01–cv–0026, 2002 U.S. Dist. LEXIS 22264, 2002 WL 32175416 (E.D.Pa. Oct. 28, 2002) (granting plaintiff's motion for summary judgment in a mortgage foreclosure action following defendants' default on a loan granted pursuant to Title V of the Housing Act of 1949).

In this case the undisputed facts show that Plaintiff made a loan to Defendant on June 25, 2010 in the amount of $190,650.00, evidenced by a promissory note and secured by a mortgage

upon her real estate, and that Defendant has defaulted in payments on the loan. In addition, the default and the amounts due and owing on account are supported by an affidavit from a Foreclosure Representative from the United States Department of Agriculture, Rural Housing Service, in support of this motion pursuant to Fed.R.Civ.P. 56(c)(4), which includes, in addition to the factual averments, copies of the promissory note and mortgage, subsidy repayment agreement, notice of intent to foreclose, payment history, statement as to the amount of subsidies received, and a payoff statement.

### B. Defendant's Answer

In her Answer Defendant admits the first seven (7) paragraphs of Plaintiff's Complaint, that is, the jurisdiction of this Court (paragraph 1), the address of the Defendant (paragraph 2), the execution of making of the loan by executing the Promissory Note and Mortgage (paragraphs 3 through 5), that Plaintiff is the owner and holder of the Note and Mortgage which has not been assigned (paragraph 6), and the legal description of the property encumbered by the Mortgage (paragraph 7). In addition, Defendant admits that Plaintiff mailed her the Notice of Intent to Foreclose on January 20, 2015 (paragraph 11).

Defendant denies the default under the Note and Mortgage in paragraph 8 of her Answer stating that there was no refusal to comply with the terms of the loan documents and that her offers to repay were denied, or that real estate taxes were not paid, and that she provided proof of insurance on the property. Defendant neither admits or denies paragraph 9 of the Complaint which avers that Plaintiff has elected to accelerate the debt making the entire indebtedness immediately due and payable. She further denies paragraph 10 of the Complaint as to the amounts due and owing on account stating that included in the amounts are charges for insurance for which she had provided proof. Finally, Defendant neither admits or denies the averments in

paragraph 12 of the Complaint that no other action has been brought by Plaintiff to enforce the Note or Mortgage and that all legal requirements to foreclosure have been met. These denials by Defendant, without more, are insufficient to withstand the challenge brought by the instant motion. Fed.R.Civ.P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 586. As noted above, Fed.R.Civ.P. 56(e) provides that the non-moving party cannot defeat summary judgment by resting "upon the mere allegations or denials of his pleading." *Id.*

Apart from her general allegation in paragraph 8 of her Answer that "there was no refusal, offers to repay were denied by offices" (apparently responding to the averment in the Complaint that Defendant had "failed or refused to pay the installments of principal and interest when due", and that she had provided proof of insurance each year to Plaintiff, Defendant has not contested any of the facts pled by Plaintiff in its Complaint. Defendant admits in paragraph 8 that taxes were not paid.

Regarding the failure to remit mortgage payments, the default in payments and the amounts due and owing on account is also supported by Plaintiff's affidavit in support of this motion. On the other hand, Defendant's response is vague and non-specific. While she may not have refused to make payments, this is not the same as claiming that she actually tendered payments which were refused. Similarly, Defendant's allegation claims of repayment offers are also vague and imprecise. Thus, these denials are insufficient to deny summary judgment where the Defendant has failed to adduce any evidence showing that she was not in default. To defeat summary judgment, the non-moving party cannot rest simply on the allegations in the pleadings, but must rely on affidavits, depositions, answers to interrogatories, or admissions on file. *GFL Advantage Fund, Ltd. v. Colkitt,* 272 F.3d 189, 199 (3d Cir. 2001). *See also, United States v. Harding,* 2013 WL 3989155 at *3, FN 4 (M.D.Pa. 2013) (where the district court held that

similar denials based upon lack of knowledge, information, or belief were insufficient to defeat summary judgment).

Even with regard to the issue of insurance, Plaintiff's payment history details all the fees billed relating to disbursements for real estate taxes and insurances. Disbursements for real estate taxes were made each year beginning on September 14, 2010, and then for each subsequent year in February (Royerford Township) and July (Spring Ford School District) (except for 2014 and 2016 when the school taxes were paid in August). In addition, the payment history indicates that insurance premiums were remitted (to Proctor Financial) on November 4, 2013 ($1,303.05), October 6, 2014 ($1,303.05), October 5, 2015 ($1,233.70), and October 3, 2016 ($1,284.80). While Defendant states in her Answer that she provided proof of insurance each year in July, she provides no particulars about these payments, i.e., dates, amounts, name of insurance company, nor copies of any such proof.

Paragraph 9 of the Complaint to which Defendant neither admitted or denied simply states that Plaintiff has elected to declare the entire amount of ht indebtedness of the Note and Mortgage to be immediately due and payable. This is evidenced by both the notice of intent to foreclose and the filing of this Complaint. The "Notice of Acceleration of your Mortgage Loan(s); Demand for Payment of that Debt; Notice of Right to Cure your Delinquency; Notice of Intent to Foreclose; and Notice of your Opportunity to Have a Hearing Concerning this Action" sent to Defendant on January 20, 2015, advised her that the loan was being accelerated and demanded full payment of the account including unpaid principal and interest, advances and subsidy subject to recapture. The Notice further informed Defendants of the reason for the acceleration (monetary default), the amount due, the method of payment, the right to cure the default within 30 days of the receipt, the right to an informal discussion with an RHS officer, and

the right to an administrative appeal with a member of the National Appeals Division Area Supervisor by requesting the within 30 days. The notice of rights and procedure for a hearing and appeal are in accordance with the National Appeals Division ("NAD") of the United States Department of Agriculture. 7 U.S.C. §§ 6992-7002. Thus, the notice sent to Defendants in this case complied with federal foreclosure notice requirements and was sent by certified mail, return receipt requested, all as required by 7 C.F.R. § 1955.15(d)(2).

As to the amount due and owing set forth in paragraph 10, Defendant once again recites that the amounts include charges for insurance which she claims proof was provided, without any substantiation. Finally, in paragraph 12, Defendant again neither admits or denies that Plaintiff has complied with all conditions precedent to bringing this action in mortgage foreclosure, and further deny that Plaintiff complied with the provisions of 7 C.F.R. § 3550.207. However, Defendant does not affirmatively assert any facts or defenses to the contrary.

Thus, Defendant has failed to place into dispute any material facts or refute Plaintiff's right to summary judgment as a matter of law. Defendant's responsive pleading, consisting of admissions and general denials with no real affirmative defenses being asserted, does not constitute a defense to this foreclosure action.

## CONCLUSION

Plaintiff has evidenced the existence, extent and priority of an obligation in its favor, secured by a mortgage, and a default of that obligation. In response, Defendant has failed to show the existence of any material fact in dispute, or to adequately challenge Plaintiff's right to judgment as a matter of law. Accordingly, Plaintiff respectfully suggests it is entitled to the grant of the requested relief.

Respectfully submitted,

KML LAW GROUP, P.C.


By: /s/ Thomas I. Puleo
Thomas I. Puleo, Esquire
Pennsylvania Attorney I.D. No. 27615
Suite 5000 – Mellon Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 825-6309 (Direct)
email: tpuleo@kmllawgroup.com
Original signature not required/electronic filing