# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 17-0066** |
| **v.** | : | |
| | : | |
| **ANNA DAWSON** | : | |
| *Defendant, pro se* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.  OCTOBER 20, 2017

## MEMORANDUM OPINION

### INTRODUCTION

United States of America ("Plaintiff"), on behalf of its agency the Rural Housing Service ("RHS"), United States Department of Agriculture, filed the instant mortgage foreclosure action against Defendant Anna Dawson ("Defendant") alleging that she defaulted on a loan provided by RHS. Presently before this Court is Plaintiff's motion for summary judgment with supporting documents. [ECF 9, 10, 11]. Defendant has not filed a response though the time to do so has long passed. The motion for summary judgment has been fully briefed and is ripe for disposition. For the reasons stated herein, the motion for summary judgment is granted.

### BACKGROUND

On January 6, 2017, Plaintiff filed a complaint and averred therein that pursuant to Title V of the Housing Act of 1949, as amended, 42 U.S.C. § 1471, *et seq.*, Defendant applied for and received a loan in the amount of $190,650.00 from RHS secured by a mortgage on real estate located in Pennsylvania. [ECF 1]. Defendant subsequently defaulted on the loan, and Plaintiff seeks to foreclose on the mortgage. (*Id.*). On March 6, 2017, Defendant, proceeding *pro se*, filed an answer in which she admitted to the underlying secured indebtedness but denied that she

had defaulted on the loan and disputed the amount owed. [ECF 3]. On July 31, 2017, Plaintiff filed the instant motion for summary judgment.[1] [ECF 9]. The deadline to file a response to the motion for summary judgment was August 14, 2017. As of the date of this Memorandum Opinion, Defendant has yet to file a response.

When considering the motion for summary judgment, this Court has considered all the relevant facts in this matter in the light most favorable to the non-moving party, *i.e.*, Defendant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). These relevant facts, as gleaned from the affidavit attached to the motion for summary judgment, are summarized as follows:[2]

> On June 25, 2010, Defendant obtained a mortgage on a property located at 82 Hannah Court, Royersford, Montgomery County, Pennsylvania (the "Property") from RHS. [ECF 11 ¶ 3, Ex. A]. The mortgage secured the payment of a promissory note in the amount of $190,650.00. (*Id.* ¶ 4, Ex. B). The mortgage and promissory note were continuously held by Plaintiff and were never assigned or transferred. (*Id.* ¶ 6).
>
> Defendant failed to pay the principal and interest payment due on December 25, 2013, and every monthly payment thereafter, despite Plaintiff's willingness to accept payment. (*Id.* ¶¶ 7-8). As such, Defendant defaulted on the mortgage. (*Id.* ¶ 7). On January 20, 2015, the loan was accelerated and Plaintiff was sent a "Notice of Acceleration of Your Mortgage Loan(s); Demand for Payment of that Debt; Notice of Right to Cure Your Delinquency; Notice of Intent to Foreclose and Notice of Your Opportunity to Have a Hearing Concerning this Action." (*Id.* ¶¶ 7-10, Ex. D). By July 31, 2017, the amount due was calculated at $245,832.51, which broke down as follows: (1) principal balance of $183,524.17; (2) $25,247.19 in interest from November 25, 2013 to September 20,

---

[1] On March 21, 2017, this action was stayed due to Defendant's Chapter 7 bankruptcy proceeding. [ECF 6]. On June 22, 2017, the stay was lifted following the completion of the bankruptcy proceeding. [ECF 8].

[2] Plaintiff attached an affidavit of Ms. Cathy Diederich, an RHS foreclosure representative, to its motion for summary judgment. In the affidavit, Ms. Diederich attested to facts relevant to the foreclosure. As noted, Defendant did not file a response to the motion for summary judgment. Therefore, facts that are asserted by a party and supported by the record, which are uncontested, whether directly or by implication, by the other party, are taken to be true. *See* Fed. R. Civ. P. 56(c).

2016 at 4.875% ($24.5118 per diem); (3) $16,999.83 of interest recapture; (4) $262.34 in late charges; (5) escrow/impound of $4,313.51; (6) $1,034.19 for fees required with payoff funds; and (7) $14,451.28 in currently accessed fees. (*Id.* ¶¶ 13-14, Ex. G).[3]

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 56 governs summary judgment motion practice. Fed. R. Civ. P. 56. Specifically, this rule provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Under Rule 56, the court must view the evidence in the light most favorable to the non-moving party. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).

Consistent with Rule 56(c), the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be met by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id*. at 322.

After the moving party has met the initial burden, summary judgment is appropriate if the nonmoving party fails to rebut the moving party's claim by "citing to particular parts of materials

---

[3] In her affidavit, Ms. Deiderich does not identify the escrow/impound amount, though she identifies the total amount due as being $245,832.51. [ECF 11 ¶ 14]. The payoff statement attached to the affidavit includes the escrow/impound amount, as does the complaint. [ECF 11, Ex. G; ECF 1 ¶ 10]. Because this amount is sought by Plaintiff and is included in the documents attached to the affidavit, this Court will include this amount as part of the judgment, despite Ms. Deiderich's oversight in naming it in her affidavit.

in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." *See* Fed. R. Civ. P. 56(c)(1)(A-B). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not rely on "bare assertions, conclusory allegations or suspicions," *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), nor rest on the allegations in the pleadings. *Celotex*, 477 U.S. at 324. Rather, the nonmoving party must "go beyond the pleadings" and either by affidavits, depositions, answers to interrogatories, or admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*.

**DISCUSSION**

As averred in the complaint, Defendant obtained a loan from RHS secured by a mortgage on the Property and, subsequently, failed to make the required mortgage payments and defaulted. Plaintiff seeks to foreclose on the mortgage, and moves for summary judgment on its claim.

"'In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation.'" *VFC Partners 25 LLC v. Scranton Ctr. Holdings LP*, 541 F. App'x 206, 207 (3d Cir. 2013) (quoting *Chem. Bank v. Dippolito,* 897 F.Supp. 221, 224 (E.D.Pa.1995)). In support of its motion, Plaintiff has presented evidence, in the form of an affidavit from a foreclosure representative and documents, which clearly establish Defendant's debt that is secured by a mortgage on the Property, Defendant's obligation to repay the loan received, and Defendant's default of the loan. [ECF 11 ¶¶ 3-4, 6-10, 13-14, Ex. A, B, D, G]. Although Defendant, in her answer to the complaint, admits to having obtained the loan

4

and mortgage and denies being in default, Defendant, by not responding to Plaintiff's motion for summary judgment, has failed to set forth any evidence to create a genuine issue of material fact regarding this foreclosure action. It is well settled that denials set forth in the pleadings are not, by themselves, sufficient to defeat summary judgment. *Bhatla v. U.S. Capital Corp.*, 990 F.2d 780, 787 (3d Cir. 1993) ("[T]o defeat a motion for summary judgment, a party cannot rest simply on the allegations in the pleadings. Rather, it must rely on affidavits, depositions, answers to interrogatories, or admissions on file"). By failing to respond to the motion, Defendant has not cited "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" which would rebut Plaintiff's factual assertions and, therefore, show a genuine issue of material fact or otherwise "establish the absence or presence of a genuine dispute." *See* Fed. R. Civ. P. 56(c)(1)(A-B). Consequently, Defendant has failed to satisfy her burden to rebut Plaintiff's evidence that she defaulted on the mortgage. Accordingly, after a thorough review of the evidence in support of Plaintiff's motion, Plaintiff has met its summary judgment burden.

**CONCLUSION**

Based upon the foregoing reasons stated herein, Defendant's motion for summary judgment is granted. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.